Bradley T. Hunsicker (Wyoming Bar No. 7-4579)
Lacey Bryan (Wyoming Bar No. 8-7016)
Markus Williams Young & Hunsicker LLC
2120 Carey Avenue, Suite 101
Cheyenne, WY 82001
Telephone: (307) 778-8178
Facsimile: (303) 830-0809
bhunsicker@MarkusWilliams.com
lbryan@MarkusWilliams.com

PROPOSED ATTORNEYS FOR DEBTOR-IN-POSSESSION

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 (Subchapter V) |
| BEST OF THE WEST ) | |
| PRODUCTIONS, LLC ) | |
| ) | Case No. 24-20142 |
| ) | |
| ) | |
| Debtor-in-Possession. ) | |

### *EX PARTE* APPLICATION FOR ORDER APPROVING EMPLOYMENT OF MARKUS WILLIAMS YOUNG & HUNSICKER LLC AS COUNSEL FOR DEBTOR-IN-POSSESSION AND APPROVING SECURITY RETAINER

Best of the West Productions, LLC ("Debtor" or "Debtor Productions"), debtor-in-possession herein, by and through its undersigned proposed counsel, hereby requests that the Court enter an order *ex parte* authorizing the employment of Markus Williams Young & Hunsicker LLC ("MWYH") as its counsel, pursuant to 11 U.S.C. §§ 327(a) and 328(a), Fed. R. Bankr. P. 2014(a) and 6003, and Local Rule 2014-1, effective as of the date of the filing of the instant Application, and approving the security retainer provided to MWYH

{Z0363494/1 }

by the Debtor.[1] In support of this application, the Debtor states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of this case and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein includes §§ 327(a) and 328(a), Fed. R. Bankr. P. 2014(a) and 6003, and Local Rule 2014-1.

## BACKGROUND

3. On April 22, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code and elected to proceed pursuant to Subchapter V of chapter 11 of the Bankruptcy Code. The Debtor is authorized to operate its business and manage its properties as a debtor-in-possession pursuant to § 1184.

4. The Debtor notes that the Debtor, as well as affiliates BOTW Holdings, LLC and Huskemaw Optics, LLC (together with the Debtor, the "Affiliated Debtors") will be filing a motion pursuant to Fed. R. Bank. P. 1015(b) and Local Bankruptcy Rule 1015-1 seeking joint administration of the Affiliated Debtors' chapter 11 cases for procedural purposes only, under the BOTW Holdings, LLC case.

## RELIEF REQUESTED

5. By this application, the Debtor requests entry of an order *ex parte* authorizing

---

[1] Unless otherwise specified, all references herein to "Section," "§," "Bankruptcy Code" and "Code" refer to the U.S. Bankruptcy Code, 11 U.S.C. § 101, *et seq*.

{Z0363494/1 }

the employment of MWYH as its counsel, pursuant to §§ 327(a) and 328(a), Fed. R. Bankr. P. 2014(a) and 6003, and Local Rule 2014-1, and approving the security retainer provided to MWYH by the Debtor.

## BASIS FOR RELIEF REQUESTED

6. Section 327(a) of the Bankruptcy Code provides: "[e]xcept as otherwise provided in this section, the [debtor in possession], with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor in possession] in carrying out the [debtor in possession]'s duties under this title." 11 U.S.C. § 327(a).

7. Section 328(a) of the Bankruptcy Code provides, in part: "[t]he [debtor in possession] . . . with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixes or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a).

8. Pursuant to § 327(a), the Debtor desires to employ MWYH as its bankruptcy counsel to perform on its behalf the following professional services:

   a. Assist in the production of the Debtor's schedules and statement of financial affairs and other pleadings necessary to file its chapter 11 case;

   b. Assist in the preparation of the Debtor's plan of reorganization;

   c. Prepare on behalf of the Debtor all necessary applications, complaints, answers, motions, orders, reports, and/or other legal papers;

{Z0363494/1 }

    d. Represent the Debtor in adversary proceedings and contested matters related to the Debtor's bankruptcy case;

    e. Investigating the assets, liabilities, and financial affairs of the estate, including the assets, liabilities, and financial affairs of various entities which are owned by, controlled by, or affiliated with the Debtor;

    f. Assisting the Debtor in analyzing and pursuing any proposed dispositions of assets of its bankruptcy estate;

    g. Pursuing claims and causes of action of the Debtor's bankruptcy estate, including but not limited to claims and causes of action arising under Chapter 5 of the Bankruptcy Code;

    h. Defending the Debtor and its estate in any litigation matters which may be asserted, including the defense of motions seeking relief from the automatic stay;

    i. Provide legal advice with respect to the Debtor's rights, powers, obligations and duties as chapter 11 debtor-in-possession in the continuing operation of the Debtor's business and the administration of the estate; and,

    j. Provide other legal services for the Debtor as necessary and appropriate for the administration of the Debtor's estate.

9. The Debtor has selected MWYH by reason of their expertise and experience in bankruptcy matters and believes that said attorneys are well-qualified to represent the Debtor in these proceedings. The Debtor believes that the employment of MWYH as attorneys for the Debtor is in the best interest of the creditors and the bankruptcy estate.

10. MWYH's employment by multiple, affiliated debtors in chapter 11 cases has been approved by other bankruptcy courts within the Tenth Circuit. *See, e.g., In re Bighorn Restaurants, LLC*, Case No. 23-11919-MER (Bankr. D. Colo.); *In re Meridian Restaurants Unlimited, L.C., et al.*, Case No. 23-20731-KRA (Bankr. D. Utah); *In re NITROcrete, LLC,*

*et al.*, Case No. 21-15739-KHT (Bankr. D. Colo.); *In re Fog Cap Retail Investors, LLC*, 16-13817 TBM (Bankr. D. Colo.); *In re Schwinn/ GT Corp., et al*, 01-20292 SBB (Bankr. D. Colo.); *see also In re Mulberry Phosphates, Inc.,* 142 B.R. 997, 999 (Bankr. M.D. Fla. 1992) (noting "it is quite common for a single law firm to represent a parent company and all its subsidiaries either when they are all debtors or when only the parent is a debtor").

11. The Debtor believes the employment of MWYH as its counsel in this chapter 11 case is in the best interest of the creditors and the bankruptcy estate.  The attorneys of MWYH are duly admitted to practice law before this Court and well qualified to represent the Debtor in this bankruptcy case and related proceedings.  MWYH has agreed to serve as counsel for the Debtor, with all interim and final fee applications subject to review by this Court in accordance with applicable law and other orders of this Court.  Further, the services that MWYH will render to Debtor are essential to Debtor's successful reorganization, and the services are necessary to allow the Debtor to negotiate and implement the terms of its chapter 11 plan. It is necessary for the Debtor to employ attorneys for the foregoing professional services and to render services routinely required of a bankruptcy under the Bankruptcy Code.  The Debtor desires to employ MWYH because of the extent of legal services required in these proceedings.

12. To the best of the knowledge of the Debtor and MWYH, MWYH does not hold or represent interests adverse to the Debtor's estate in the chapter 11 case.  The Affiliated Debtors are affiliates under the meaning of § 101(2).  MWYH is informed there are certain intercompany ledger balances between and among the various Affiliated

{Z0363494/1 }

Debtors. Notwithstanding the existence of intercompany ledger balances, MWYH does not believe its representation of the Affiliated Debtors represents any actual or potential conflict of interest. The Affiliated Debtors' common ownership and common management ensure that the entities are united and share the common goal of maximizing the value of the enterprise as a whole. In short, there is no active competition among the Affiliated Debtors' interests giving rise to a disqualifying actual conflict of interest under § 327. *See In re Git-N-Go, Inc.*, 321 B.R. 54, 58-59 (Bankr. N.D. Okla. 2004*)* ("An actual conflict exists if there is 'an active competition between two interests, in which one interest can only be served at the expense of the other.'") (quoting *In re BH&P, Inc.*, 103 B.R. 556, 563 (Bankr. D.N.J. 1989), *aff'd in pertinent part*, 119 B.R. 35 (D. N.J. 1990)). Further, the existence of inter-debtor claims does not create a *per se* prohibition of counsel representing multiple, affiliated estates. *In re Interwest Business Equipment, Inc.*, 23 F.3d 311, 318-19 (10th Cir. 1994); *In re 7677 E. Berry Ave.*, 419 B.R. 833, 844 (Bankr. D. Colo. 2009). MWYH has informed each of the Affiliated Debtors that should disputes, contested matters or adverse litigation arise between and/or among the Affiliated Debtors, including, but not limited to, with respect to the intercompany ledger balances, the Affiliated Debtors will be required to retain separate conflicts counsel for such matters. These provisions protect the Affiliated Debtors' estates from any potential conflicts which may arise during the course of MWYH's representation.

13. To the best of the knowledge of the Debtor and MWYH, MWYH is a "disinterested person," as defined under § 101(14). As explained in this application and the

{Z0363494/1 }

Verified Statement of Bradley T. Hunsicker, attached hereto as <u>Exhibit 1</u> (the "Verified Statement"), MWYH conducted an examination using the firm's internal conflict checking procedure of all the creditors of the Debtor and other parties in interest to determine whether MWYH represented them in connection with the Debtor or in other matters. Except as set forth in the MWYH Declaration, to the best of MWYH's knowledge, attorneys with MWYH have not represented entities that are creditors or parties in interest (or affiliates of creditors and parties in interest) of the Debtor and its affiliates. Nor is MWYH a creditor of the Debtor. *In re 7677 E. Berry Ave.*, 419 B.R. at 843 ("the 'disinterested' requirement implicates 'only the personal interests' of the professional in question, requiring the professional to actually 'have' such an interest.") (quoting *In re Arochem Corp.*, 176 F.3d 610, 623 (2nd Cir. 1999)).

14. MWYH will promptly disclose any material developments regarding the Debtor or any other pertinent relationship that comes to MWYH's attention by way of a supplemental attorney declaration.

15. The MWYH attorneys who will work on this case include primarily Bradley T. Hunsicker and Lacey Bryan whose billing rates are $445 and $410 per hour. The paralegal billing rate for MWYH is $175 per hour. These rates are the standard rates charged by the attorneys and paralegals who will be working on the matter. These rates are adjusted from time to time. Where appropriate, MWYH will use the services of other attorneys, paralegals and other MWYH personnel to represent the Debtor's interests efficiently and effectively. The range of hourly rates for other attorneys at MWYH is $325-

{Z0363494/1 }

$595 per hour.

16.    All fees and expenses of MWYH will be paid only upon approval by the Court after a request made in accordance with the Bankruptcy Code, applicable rules, and other orders of this Court.

17.    As set forth in the MWYH Declaration, prior to the filing of the petition MWYH provided general counseling, pre-bankruptcy planning and other services to the Debtor's parent company, debtor BOTW Holdings, LLC, which included reviewing the financial background of the Debtor. MWYH did receive a security retainer from Debtor Productions totaling $16,738, of which $1,738 was applied pre-petition to satisfy the Court's filing fee. MWYH has no claim for unpaid fees and expenses against the Debtor as of the Petition Date.

18.    MWYH is holding a retainer in the amount of $15,000.00 (the "Retainer"). MWYH asserts a security interest in the Retainer from the Debtor. In the event the case is converted to a chapter 7 proceeding, the security interest in the Retainer may enable MWYH to receive payment of its fees and expenses to the extent of the retainer while other administrative expenses remain unpaid. Any sums remaining at the close of the representation will be refunded to the Debtor. There are no liens or interests in the Retainer other than the security interest claimed by MWYH.

19.    The Debtor asserts that the order approving retention is properly made effective as of the date of the instant Application.

20.    The Debtor further asserts granting the relief requested herein on an ex parte

basis is appropriate and authorized pursuant to Local Rule 2014-1.

## NOTICE

21. In accordance with L.B.R. 2014-1, a copy of this application, the Verified Statement attached hereto, and proposed order will be served electronically via the Court's CM/ECF system upon the Office of the United States Trustee. The Debtor submits that, considering the nature of the relief requested, no other or further notice need be given.

## CONCLUSION

WHEREFORE, the Debtor requests that the Court enter an order (substantially in the form of the proposed order attached hereto) on an ex parte basis authorizing the employment of MWYH as its counsel, pursuant to §§ 327(a) and 328(a), Fed. R. Bankr. P. 2014(a) and 6003, and L.B.R. 2014-1, effective as of the date of the filing of the Application, approving the security retainer provided to MWYH by the Debtor, and granting such other relief as the Court finds is just and necessary under the circumstances.

| | |
|---|---|
| Dated: April 22, 2024 | MARKUS WILLIAMS YOUNG & HUNSICKER LLC |
| | By: /s/ *Bradley T. Hunsicker* <br> Bradley T. Hunsicker (Wyoming Bar No. 7-4579) <br> 2120 Carey Avenue, Suite 101 <br> Cheyenne, WY 82001 <br> Telephone: (307) 778-8178 <br> Facsimile: (307) 638-1975 <br> bhunsicker@MarkusWilliams.com |
| | *Proposed Counsel for the Debtor and Debtor-in-Possession* |

{Z0363494/1 }

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2024, I caused a true and correct copy of the foregoing *EX PARTE* **APPLICATION FOR ORDER APPROVING EMPLOYMENT OF MARKUS WILLIAMS YOUNG & HUNSICKER LLC AS COUNSEL FOR DEBTOR-IN-POSSESSION AND APPROVING SECURITY RETAINER** to be served, electronically, upon the parties indicated below via the Court's CM/ECF system:

Daniel J. Morse
Assistant U.S. Trustee
308 West 21st Street, Room 203
Cheyenne, Wyoming 82001
daniel.j.morse@usdoj.gov

Joli A. Lofstedt, Esq.
PO Box 270561
Louisville, CO 80027
joli@jaltrustee.com

By: */s/ Bradley T. Hunsicker*
Bradley T. Hunsicker

{Z0363494/1 }